BENJAMIN WALLACH, PLAINTIFF-RESPONDENT, v. LIGHT-ENING ELECTRIC COMPANY AND ELMER DUNHAM, DEFENDANTS-APPELLANTS.

JOSEPH ROSEN, PLAINTIFF-RESPONDENT, v. LIGHTEN-ING ELECTRIC COMPANY AND ELMER DUNHAM, DE-FENDANTS-APPELLANTS.

Argued May 3, 1932—Decided August 1, 1932.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff-respondent, *Maurice M. Margolis* (*James M. Reilly,* of counsel).

For the defendants-appellants, *Edwin Joseph O'Brien.*

PER CURIAM.

These are appeals by the defendants from judgments entered against them in the First District Court of the city of Newark on directed verdicts. The suits were, respectively, by the owner of an automobile for property damage and by the driver of the automobile for personal injuries arising out of a rear-end collision between the automobile so owned and driven and another automobile owned by defendant Lightening Electric Company and driven by defendant Elmer Dunham. Defendants' testimony was that their car was following that of the plaintiffs at a distance of eight or nine feet and at a speed of about twenty miles per hour; that plaintiffs' car was stopped at a cross street "very short;" that Dunham was unable to stop defendants' car so quickly and that the latter consequently bumped the car ahead. There was no proof of traffic conditions, or of signals from the plaintiffs' car or otherwise. The court charged the jury as follows:

"I am directing you to bring in a verdict against the defendants for the reason that the driver for the defendant says that he was driving his car shortly before this accident at a speed of about twenty miles an hour when only eight feet in the rear of the car in front. That, I charge you, is negligence. The person driving in front has no control of the car behind him, and when you are driving a car in a city where there are cross streets you must anticipate sudden stops for traffic. The only explanation the driver for the defendant has is, that the plaintiff made a sudden stop, and, 'I could not stop as good as he could;' or indicating there was negligence, and the plaintiffs are entitled to a verdict."

It is quite likely that the jury would have found negligence as a fact on the part of the defendants. But we are unable to say, and we think that the court below erred in holding, that there was negligence as a matter of law. The mere fact that a vehicle is moving in close proximity to a moving vehicle ahead and keeping up with it does not of itself constitute negligent conduct *per se.* *Jackson* v. *Geiger,* 100 *N. J. L.* 330; 126 *Atl. Rep.* 438; *Simpson* v. *Snellenburg,*

96 *N. J. L.* 518; 115 *Atl. Rep.* 403; *Goolsby* v. *Public Service Co-ordinated Transport,* 9 *N. J. Mis. R.* 1158.

The case should have gone to the jury on the question of liability; otherwise we find no error.

The judgment below will be reversed; the costs to abide the event.