FINE & JACKSON TRUCKING CORPORATION, A CORPORATION, PLAINTIFF-RESPONDENT, v. THE LEHIGH VALLEY RAILROAD COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted February 18, 1933—Decided April 27, 1933.

386

For the defendant-appellant, *Collins & Corbin* (*Edward A. Markley* and *Howard F. McIntyre,* of counsel).

For the plaintiff-respondent, *Leo S. Carney* (*Sara V. Dunn,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This is defendant's appeal from a judgment of the Supreme Court entered upon the verdict of a jury at the Hudson Circuit in favor of the plaintiff and against the defendant railroad company.

The action was begun to recover for damages occasioned to plaintiff's motor truck on Frelinghuysen avenue, in the city of Newark, in a collision with another motor truck as it was about to enter the defendant's right of way which crosses Frelinghuysen avenue at grade, where the defendant maintained safety gates.

The ground of appeal upon which the defendant-appellant relies, is that the trial court should have granted a nonsuit, or directed a verdict in favor of the defendant when thereunto moved, on one or more of the following grounds urged in support of such motions: (a) There was no evidence of negligence on the part of the defendant; (b) there was no evidence of negligence on the part of the defendant that was the proximate cause of the accident; (c) plaintiff was guilty of contributory negligence.

Of course, on this appeal, we are not concerned with the weight of the evidence, which seems to be much argued.

Motions for nonsuit and to direct a verdict for the defendant, for the purpose of the motions, in effect admit the truth of the evidence, and of every inference of fact that can be legitimately drawn therefrom, which is favorable to the plaintiff, but deny its sufficiency in law; and where such evidence or inferences of fact will support a verdict for the plaintiff, such motions must be denied. *Barry* v. *Borden Farm Products Co.*, 100 *N. J. L.* 106; *Andre* v. *Mertens*, 88 *Id.* 626; *Sefler* v. *Vanderbeck & Sons, Ibid.* 636.

In the case at bar we believe that the conflicting evidence presented a case for the jury. The jury might have found, and no doubt did find, among others, the following matters of fact: At ten o'clock in the morning of a clear day, the plaintiff's truck, with brakes in good order, was traveling northerly on Frelinghuysen avenue, a much traveled public highway in the business district of the city of Newark, at

a speed of about ten miles an hour, and about eight feet behind a truck belonging to the Griselli Chemical Company, which was about to cross the defendant railroad's right of way at grade, where it maintained safety gates to protect the traveling public. The drivers of both trucks knew the crossing, and, as they approached it, saw that the gates were upright. When the chemical company's truck was "about a foot away from the railroad crossing the defendant's gateman started to put down the gates without any warning." The driver of the chemical company's truck immediately applied his brakes, but the gate "came down fast" on the hood of his truck when the hood of the truck was about four feet beyond the gate and into the railroad's right of way. The driver brought his truck (which was equipped with high powered vacuum brakes) to an abrupt stop, without giving any warning to the driver of the plaintiff's truck that he was about to do so, with the result that plaintiff's truck collided with the rear of the chemical company's truck, and plaintiff's truck was damaged.

In such state of the evidence the questions (1) whether the defendant's gateman was negligent, (2) whether his negligence was the proximate cause of the accident, and (3) whether the plaintiff's driver was guilty of contributory negligence, were for the jury and not for the court.

Where, as here, a railroad company, whose right of way crossed a public highway at grade, installs safety gates there for the protection of the traveling public and puts a gateman in charge, the person in charge is bound to perform his duties with reasonable care and prudence and a failure to do so is negligence for which the railroad company is liable. *Passarello* v. *West Jersey and Seashore Railroad Co.*, 98 *N. J. L.* 790, and cases there cited.

Clearly the question whether the gateman in the present case was negligent, was for the jury.

Clearly, too, if negligent, the question whether the gateman's negligence was the natural and probable cause of the accident was also for the jury. *Collins* v. *West Jersey Express Co.*, 72 *N. J. L.* 231.

So, too, the question of the alleged contributory negligence of plaintiff's driver was for the jury.

The mere fact that the plaintiff's motor truck was being driven approximately ten miles an hour only about eight feet behind another motor truck ahead does not constitute negligent conduct *per se*. *Jackson* v. *Geiger*, 100 *N. J. L.* 330; *Simpson* v. *Snellenburg*, 96 *Id.* 518; *Wallach* v. *Lightening Electric Co.*, 161 *Atl. Rep.* 680. Plaintiff's driver had the right to assume that reasonable care would be exercised, not only by the driver ahead of him, but also that the defendant, whose right of way crossed the highway on which he was driving, would use reasonable care to so operate and regulate its safety gates as not to endanger those who were then lawfully operating vehicles upon the highway. The mere fact that the plaintiff's driver did not actually see the gate come down, because his attention naturally was divided between the road ahead and the gates, did not render him guilty of negligence as a matter of law, since it was open to the jury to find that he used reasonable care in exercising his powers of observation in the circumstances, and that the gates were upright until almost the instant of the accident, when, without warning, they were lowered quickly on the hood of the preceding truck as it entered, or after it had entered, the defendant's right of way.

These observations in effect dispose of the questions raised and argued.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.