FRANCES CLEARY AND WILLIAM P. CLEARY, PLAIN-
TIFFS-RESPONDENTS, v. MEYER BROTHERS, A COR-
PORATION OF THE STATE OF NEW JERSEY, DE-
FENDANT-APPELLANT.

Submitted October 26, 1934—Decided January 10, 1935.

For the appellant, *George F. Lahey, Jr.*

For the respondents, *Seufert & Elmore.*

The opinion of the court was delivered by

HETFIELD, J. Suit was instituted by the plaintiffs, who
are husband and wife, for personal injuries alleged to have
been sustained by the wife, through the negligence of the
defendant, and this appeal brings up for review a judgment
based upon the jury's verdict which awarded the wife $1,000,
and the husband $500.

The facts show that on August 9th, 1929, the plaintiff
Frances Cleary entered the department store conducted by
the defendant, in Paterson, New Jersey, and after making a
purchase, had occasion to visit the ladies' rest room. The
entrance to the rest room consisted of two swinging doors, in
front of which was a step about eight inches higher than
the outside floor, the outer edge of the step being approxi-
mately twenty-four inches from the base of the doors. When
leaving the room and passing through the entrance, Mrs.
Cleary fell, and as a result sustained a fractured wrist.

The defendant contends that the trial court erred in refusing to nonsuit and to direct a verdict in its favor.

The complaint alleges "that the said fall of the plaintiff Frances Cleary was caused by the improper location, construction and maintenance of the doors and steps forming the exit from said rest room," and that "the defendant was negligent in causing said doors and stairs of said exit to be constructed and maintained in such a dangerous, careless and negligent manner. The improper construction and maintenance of said doors and stairs was a nuisance maintained by said defendant," and further, that "the defendant failed and neglected to maintain a guard at said exit, to protect its patrons and business invitees from injury."

The record indicates that Mrs. Cleary was the only witness produced on behalf of the plaintiffs, to support the allegations contained in the complaint; and we do not find that her testimony established any facts from which negligence might be reasonably inferred, or to show that the defendant had violated its duty toward the plaintiff, who was an invitee, to exercise ordinary care to render the premises reasonably safe for the purpose for which she entered. Her version of the conditions which existed and the circumstances relating to the happening is best illustrated by quoting her testimony in part: "*Q.* Will you tell the court and jury just what happened while you were in Meyer Brothers' store? *A.* Well, I went into the store and I got a pair of bedroom slippers for my daughter, then we went to the rest room; coming out of the rest room I pushed this swing door and made one step forward and fell.

\* \* \* \* \* \* \*

"*Q.* Was it clear inside the ladies' rest room there? *A.* Yes, sir. *Q.* Was it light outside the rest room when you got out? *A.* Well, there was no light lit; it was just from the light from the out door.

\* \* \* \* \* \* \*

"*Q.* You pushed the door like that [illustrating]? *A.* Yes, pushed the door out and made one step and fell. *Q.* Went down immediately? *A.* Yes. *Q.* Do you know how

wide that step was? Do you recall at all? *A.* No; I didn't know just how wide, but it was—all I remember it was marble, all this kind of pink marble.

\*        \*        \*        \*        \*        \*        \*

"*Q.* As you opened the door coming out, Mrs. Cleary, you saw this step, did you not? *A.* Well, I knew there was a step there, yes. *Q.* Yes; you knew it was there from the fact that you had ascended it but a moment before; is that right? *A.* Yes. *Q.* A few moments before? *A.* I just pushed the door and I started. *Q.* Just a minute. Just a few minutes before, I say, as you went into this room you had ascended this marble step? *A.* Yes.

\*        \*        \*        \*        \*        \*        \*

"*Q.* Now, I am asking you, as you opened that door to go out did you see the step? *A.* Yes. *Q.* You did? There was nothing to prevent you seeing it, was there? *A.* No, I could see it. *Q.* There was plenty of light there? *A.* Well, there was light, of course. *Q.* I say, there was plenty of light? *A.* Yes, there was light. There was no light lit, but it was just from the windows. *Q.* There was plenty of natural light? *A.* Yes, natural light.

\*        \*        \*        \*        \*        \*        \*

"*Q.* You saw the step as you came out; is that right? *A.* Yes, sir. *Q.* What caused you to fall? *A.* Well, I don't know.

\*        \*        \*        \*        \*        \*        \*

"*Q.* I know that you fell, but I am asking, you don't know what caused you to fall? *A.* No.

\*        \*        \*        \*        \*        \*        \*

. By the court—"*Q.* Do you know what caused you to fall? *A.* No, sir, I do not. I don't know if there was any wet there or anything there, because I just fell, that is all I remember. I cannot—— *Q.* What kind of doors were these? *A.* Just a closed swing door; it was no window in it.

\*        \*        \*        \*        \*        \*        \*

"*Q.* As you pushed it open you stepped? *A.* I made started to make—made one step forward and I fell.

The step was right nearby. *Q.* Well, you took this one step. What caused you to fall? *A.* I don't know. Something probably there I don't understand, because—— *Q.* Was the step level with the door or—— *A.* No. *Q.*——Below the door or what? *A.* There seemed to be a little space there. If you push the door open there was a space there, just enough to take about one or two steps.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

By Mr. Lahey—"*Q.* There was nothing the matter with the step was there? *A.* No. *Q.* There was a white marble step in good condition? *A.* It was kind of a pink marble step. There was two there, two steps."

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

There was also admitted in evidence, without objection, a statement signed by Mrs. Cleary a few days after the accident, which reads in part:

"I had been in the ladies' rest room and upon leaving I pushed the swinging door outward and I misjudged my step and fell forward to the floor, \* \* \*. When I came out of the rest room I thought that the flooring was all even and did not notice the steps over which I stepped. This accident was not caused through the carelessness of any one of the employes of Meyer's store, and it was broad daylight and the store was well lighted."

The burden of proving the charge of negligence contained in the complaint was on the plaintiffs, and must be sustained either by proof of some negligent act, or by a proof of circumstances from which the defendant's want of due care is a legitimate inference. *Bien* v. *Unger,* 64 *N. J. L.* 596. When the present case was submitted to the jury for its consideration, there was no proof to warrant the conclusion that the defendant failed to observe the duty legally imposed upon it. There was no evidence to show what caused Mrs. Cleary to fall, or that would justify the inference that the entrance to the rest room was not of a suitable type and construction. The case of *Crouse* v. *The Stacy-Trent Co.,* 110 *Id.* 124, relied upon by the plaintiffs at the trial and before this court, can be clearly distinguished from the one now under review. In that case the evidence tended to show that the lavatory

was lighted by two electric lights, one in the middle of the room and one over the partition between the toilet stalls and the main room, and that the latter light was not burning at the time of the accident. There was also proof as to the similarity in the appearance of the step or platform and the floor and walls, so that the step was not plainly distinguishable as a step and as a possible danger, particularly if the light over the closets was not lighted, and by reason of such proof, this court held: "In view of all of the testimony touching the construction, the color of the walls, the failure to light the room so as to apprise a stranger invitee of the existing condition, we conclude that a question of fact requiring submission to the jury was raised, both as to the defendant's negligence and Mrs. Crouse's contributory negligence, and that the motions to nonsuit and to direct a verdict for defendant were properly denied." No such situation existed in the present case. The proofs indicate that there was ample light at the entrance, that the step was white or pink in color, while the covering on the main floor below the step was a large black and white block design, and there was no suggestion made that it could not be plainly distinguished from the step.

Negligence is a fact which must be shown. It will not be presumed. There is always a presumption against negligence. *McCombe* v. *Public Service Railway Co.*, 95 *N. J. L.* 187; *Alvino* v. *Public Service Railway Co.*, 97 *Id.* 526.

We do not think there was sufficient evidence to support the verdict in the present case; and it has been repeatedly held by our courts, and is a settled rule of practice, that where the evidence with all fair and legitimate inferences arising therefrom, is insufficient to sustain a verdict for the plaintiff, which would be set aside, if rendered, the court should direct a verdict for the defendant. *McCormack* v. *Standard Oil Co.*, 60 *N. J. L.* 243; *Coyle* v. *Griffing Iron Co.*, 63 *Id.* 609; *Vandegrift Construction Co.* v. *Camden, &c., Railway Co.*, 74 *Id.* 669.

We conclude, therefore, that it was error for the court to submit this case to the jury, and the judgment under review must be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ.   14.