BENJAMIN ISRAEL, PLAINTIFF-APPELLEE, v. THE TRAV-
ELERS INSURANCE COMPANY, DEFENDANT-APPEL-
LANT.

Submitted October 25, 1935—Decided January 31, 1936.

For the plaintiff-appellee, *Walter W. Weber*.

For the defendant-appellant, *John B. Zabriskie*.

The opinion of the court was delivered by

WOLFSKEIL, J.   Plaintiff sued for monthly disability bene-
fits under a policy of insurance issued to him by defendant
and for the return of a premium paid under protest.   The
verdict was for the plaintiff.   From the judgment entered
thereon defendant appeals.

The argued grounds of appeal are that the trial judge erro-
neously refused to grant motions for a nonsuit and for direc-
tion of a verdict for defendant.   Each motion was predicated
upon the ground that the disability of the plaintiff was not
such as to bring him within the purview of the policy which
provided that "upon due proof that  *  *  *  the insured
has become wholly disabled by bodily injuries or disease and
will be continuously and wholly prevented thereby for life
from engaging in any occupation or employment for wage or
profit the company will waive the payment of any premium
*  *  *  and will pay  *  *  *  the disability income stated."

The proofs at the trial disclosed that plaintiff was a tailor by occupation; that he became disabled in May, 1928, as the result of a heart ailment and was thereafter prevented from engaging in his usual occupation; that proof of disability was submitted to the insurer and that he received benefits under his policy until August, 1933, when permanent disability was disputed and payment of benefits discontinued. He was corroborated by three physicians, two of whom described the disability as angina pectoris, and the other as sclerosis or a drying out of the heart. One of the physicians testified that plaintiff could do no work whatever and another that he was a very sick man despite the fact that at times he attempts to do some work. For the defense one physician testified that although plaintiff was suffering from a slight enlargement of the heart he should be able to engage in his usual occupation as a tailor except as to the use of irons or a pressing machine. Evidence was also given by several witnesses as to alleged business activities of the plaintiff but this was contradicted on rebuttal by plaintiff's wife and his employe.

The rule of procedure to be observed in passing on motions for nonsuit and for a directed verdict for defendant has often been stated in this court. It is simply this: The court must assume as true all testimony which has been presented on behalf of the plaintiff and he must be given the benefit of all lawful deductions therefrom. If this hypothesis will support a verdict for the plaintiff the motions should be denied. *Fine & Jackson, &c., Corp.* v. *Lehigh Valley Railroad Co.,* 110 *N. J. L.* 385; *Lipschilz* v. *New York and New Jersey Produce Corp.,* 111 *Id.* 392; *Kempf* v. *New York, O. and W. Railway Co.,* 112 *Id.* 118; *Repasky* v. *Novich,* 113 *Id.* 126. Applying the rule here it is manifest that the testimony on behalf of the plaintiff, if believed by the jury, would justify a conclusion favorable to him. Hence the motion for a nonsuit was properly denied.

There was no error in the refusal to direct a verdict for the defendant. A verdict should not be directed except where the evidence is so conclusive that reasonable minds could not differ as to the result to be reached. Obviously a fact issue

had been raised by the defense; the testimony was conflicting and the court had no alternative except to submit the case to the jury for its determination. Conflicting testimony is always for the jury. *Dickinson* v. *Erie Railroad Co.*, 85 *N. J. L.* 588.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ.   13.

*For reversal*—None.