RUTH C. BETTES, PLAINTIFF-RESPONDENT, v. CHESTER B. SCOTT, DEFENDANT-APPELLANT, AND NELL GIACONA AND JENNIE GIACONA, DEFENDANTS-RESPONDENTS.

Submitted May term, 1937—Decided June 4, 1937.

Before Justices Lloyd, Case and Donges.

For the plaintiff-respondent, *David H. Wiener.*

For the defendant-appellant, *Franklin J. Marryott.*

Per Curiam.

The proofs disclosed that plaintiff was riding with defendant Chester B. Scott in the latter's automobile along a public highway about eight o'clock on a rainy evening. Coming from the opposite direction was an automobile owned by the defendant Jennie Giacona, and driven by defendant Nell Giacona. There was a collision between the two automobiles as a result of which plaintiff was injured. This action is to recover for those injuries, and the District Court judge, sitting without a jury, granted a nonsuit as to Jennie Giacona and made an award in favor of the plaintiff against both of the other defendants. Scott appeals.

The single point argued is that the trial court erred in refusing to direct a verdict in favor of defendant-appellant.

Three witnesses testified to the happening. Plaintiff put herself and defendant Scott upon the stand. Nell Giacona, one of the co-defendants, testified in her own behalf. Plain-

tiff, by her own testimony, knew nothing about the accident. She testified: "Well, it was a rainy, miserable night. I couldn't see a thing; in fact, I saw nothing of the accident whatsoever. I couldn't see through the windshield. I just felt the car was either swerving or something had happened to the car and we stopped. I knew nothing whatsoever. I couldn't see anything. * * * There was just a crash and that is all I knew. * * * My attention was diverted * * *. Something must have happened to the car. I didn't know what happened."

In reply to the question, "what caused the diversion?" she answered, "either the brakes were applied and I was thrown forward, or the car swerved." In response to leading questions, the witness was led to say what she "thought," what she "imagined," and what her "impressions" were; but we find no competent evidence of negligence by appellant. The witness Giacona testified:

"I was going about twenty miles an hour, and I don't recall anything except that as I approached the other car my car seemed to swerve as if it was being pulled, and then I came to a standstill. * * * I was proceeding at the rate I had been going; that was from twenty to twenty-five; I don't know, I didn't look at my speedometer, and I don't know what happened until the two cars came together. Whether I skidded before or after I don't know, because it happened so quickly;" and this excerpt may fairly be taken as a synopsis of her entire testimony on the subject. Scott testified that as he was driving along the avenue at a fairly low rate of speed he saw the Giacona car suddenly loom up in front of him, that the latter car seemed to be in a swirling skid, and that it struck his car forward and then in the rear.

Where the evidence, with all fair and legitimate inferences arising therefrom, is insufficient to sustain a verdict for the plaintiff the court should direct a verdict for the defendant. *Cleary* v. *Meyer Bros.*, 114 *N. J. L.* 120; 176 *Atl. Rep.* 187. Negligence must be proved; it is not presumed. This is not a case where, in our opinion, the principle of *res ipsa loquitur* may be applied, and no contention is made that it should be.

The essential proofs to sustain a verdict are lacking. The disposition of the case depends, not upon the relative credibility of the witnesses, but upon the absence of proof.

The motion for a direction in favor of the appellant should have been granted, and the judgment against him will therefore be reversed.