HELEN STRUTKO, PLAINTIFF-APPELLANT, v. REUBEN MANN, DEFENDANT-APPELLEE.

Submitted October 27, 1939—Decided January 25, 1940.

For the plaintiff-appellant, *Clarence E. Kremer* (*Colyer & Clapp*, of counsel; *Alfred C. Clapp*, on the brief).

For the defendant-appellee, *McCarter & English* (*Gerald M. McLaughlin*, of counsel).

The opinion of the court was delivered by

PORTER, J. This appeal is from a judgment of nonsuit entered in the Essex County Circuit Court in an automobile negligence suit. The sole question presented is the propriety of that ruling.

We think that there were factual questions raised on the appellant's case both as to negligence and contributory negligence which required the presentation of the case to the jury on both those issues.

The well established rule is that on a motion for a nonsuit the defendant admits the truth of the plaintiff's evidence and of every favorable inference fairly to be deduced therefrom but denies their sufficiency in law. *Poole* v. *Twentieth Century Operating Co.*, 121 *N. J. L.* 244.

With this rule in mind we find from the most favorable aspect of the appellant's proofs that she was struck by the respondent's automobile and injured while she was crossing

Broad street, Newark, at its intersection with Oriental street at about nine P. M., after dark, on May 11th, 1936; that she had walked to Broad street from the east on the north sidewalk of Oriental street; that she was on her way to a store on the west side of Broad street next to a store on the northwest corner; that when she came to Broad street she stood on the southeast corner and made observations of traffic conditions; that she saw standing on Oriental street, west of Broad street, the respondent's automobile with its headlights burning; she started to cross Broad street slightly on a diagonal line to the north and when slightly more than half way across the street and while on or near the crosswalk, none being marked on the pavement, she was struck by said automobile and knocked to the street and when picked up directly afterwards was lying about two feet in front of said automobile. It had made a left turn north into Broad street. Under the statute, *R. S.* 39:4-126, the respondent was under a duty in the circumstances to see that such movement could be made in safety. *Lipschitz* v. *New York and New Jersey Produce Corp.*, 111 *N. J. L.* 392; *Felix* v. *Adelman,* 113 *Id.* 445.

While it is true that there was developed on cross examination of plaintiff's witnesses testimony from which it might be found that the above version of the accident was not entirely accurate; that she was not on or near the crosswalk, that she was struck nearer the east side of Broad street than the west side, thus placing respondent's automobile on its right rather than on its left of the center of the street. Clearly issues of fact were raised by this testimony.

Jury questions having been raised it was error on the part of the learned trial court to grant the motion for nonsuit.

The judgment is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 15.