MARYANNE ESPOSITO, PLAINTIFF-APPELLEE, v. G. O. K. ENTERPRISES, INC., A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 4, 1948—Decided July 15, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the plaintiff-appellee, *Julius Y. Schwartz* (*Andrew O. Willreich,* of counsel).

For the defendant-appellant, *Edward DeSevo* (*Alex. R. DeSevo,* of counsel).

The opinion of the court was delivered by

EASTWOOD, J. G. O. K. Enterprises, Inc., appeals from an adverse verdict returned by a jury in the Hudson Pleas in favor of Maryanne Esposito in the sum of $500 for physical injuries, alleged to have been suffered by her when she fell while descending a stairway leading to the ladies' rest room in the moving picture theatre building maintained by the appellant company, where she had gone to attend a show. Error on the part of the trial court is assigned by the appel-

lant company for its refusal to grant motions for nonsuit and a directed verdict of no cause of action, and permitting the jury to consider the issue of negligence on the part of the appellant.

Plaintiff-appellee brought suit on two counts: (1) that said theatre was constructed, controlled and maintained in such a manner that the stairway in question constituted a nuisance; and (2) that the seventh step on which plaintiff allegedly tripped and fell was defective, broken, loose, slippery and unsafe and that the defendant was guilty of actionable negligence for its failure to use reasonable care to keep said staircase in a reasonably safe condition.

We have carefully considered the evidence submitted below and are of the opinion that a directed verdict of no cause of action should have been ordered by the trial court. We find there was no competent evidence to establish any improper construction of the stairway; in fact, the case is totally barren of any proof that the appellant company had constructed the stairway. Furthermore, the proofs proffered by the plaintiff were not sufficient to permit the case to go to the jury on the question of disrepair of the seventh step upon which appellee says she tripped, nor is there any evidence that the alleged condition of disrepair had been called to the attention of the appellant or that appellant had any knowledge of it.

Negligence is never presumed. It is a fact that must be shown. *Cleary* v. *Meyer Bros.,* 114 *N. J. L.* 120; 176 *Atl. Rep.* 187. On a motion for nonsuit and for a directed verdict for the defendant the rule of procedure is well established that "The court must assume as true all testimony which has been presented on behalf of the plaintiff and he must be given the benefit of all lawful deductions therefrom. If this hypothesis will support a verdict for the plaintiff the motions should be denied." *Israel* v. *Travelers Insurance Co.,* 116 *N. J. L.* 154; 182 *Atl. Rep.* 840. On the other hand, it has been repeatedly held by our courts, and it is likewise a well settled rule, that "where the evidence with all fair and legitimate inferences arising therefrom, is insufficient to sustain a verdict for the plaintiff, which would be set aside, if rendered, the court should direct a verdict for the defendant."

*Cleary* v. *Meyer Bros., supra.* There was not sufficient, positive, affirmative testimony of negligence to have warranted the submission of the issue to the jury within the rule enunciated in *Cleary* v. *Meyer Bros., supra.*

The judgment under review is reversed and remanded for new trial.

Mr. Justice Donges dissents.