The plaintiff appeals from a judgment of dismissal entered in favor of the defendant at the close of plaintiff's case.
The suit was brought for the recovery of payments made by plaintiff on account of the purchase of a tax sale certificate held by the defendant municipality, which it thereafter in violation of its alleged agreement with the plaintiff resold to a third person at a public sale.
The complaint alleges that the plaintiff negotiated with one Joseph C. Phile, the clerk and tax collector of the defendant *Page 213 
municipality, for the purchase of a tax sale certificate; that the purchase price was to be paid in monthly installments; and that thereafter from November, 1940, for the next ensuing six years the plaintiff made monthly payments to Phile, averaging $30 per month and totaling $1,976, for which payments receipts were issued bearing the notation "Tax Lien." The complaint further alleges that in December, 1946, the defendant municipality sold to a third person the tax sale certificate which the plaintiff contends he was purchasing under his agreement and that hence he was unable to complete his purchase.
The defendant's answer is a general denial, but in its separate defenses it asserts that the plaintiff as the agent of the owner collected the rents of the premises, and that the payments made to Phile were applied on account of the taxes due on the tax sale certificate and on delinquent taxes. The defendant admits the payments were made, but denies that the plaintiff is entitled to the return of the money. The alleged agreement between the plaintiff and Phile is not specifically denied.
At the trial the plaintiff was the only witness. His testimony substantiated the allegations of the complaint. He testified that the moneys paid were his own and were paid in accordance with the alleged agreement for the purchase of the tax sale certificate.
At the close of the plaintiff's case, the defendant moved for a nonsuit "on the grounds that the action was to recover taxes paid." Nonsuits having been superseded, Rule 3:41-2, it is from the resultant judgment of dismissal that the plaintiff now appeals.
The pleadings and the testimony of the plaintiff raise many questions of fact: e.g. — was there an agreement between the plaintiff and Phile; were the payments credited against the purchase of the tax sale certificate or against delinquent taxes; was the property sold at the tax sale for the full amount of the tax sale certificate or for the balance remaining due thereon? While such questions of fact remained in dispute, the motion for dismissal should not have been granted. It *Page 214 
would seem that the plaintiff had presented sufficient evidence from which the presence of a cause of action might have been reasonably, although not necessarily, inferred.
The instant action is not to enforce an alleged agreement or to recover damages for the breach thereof, but upon repudiation by the defendant to recover the moneys paid on the agreement. It is the general rule that where a principal repudiates an agent's unauthorized act and the principal has suffered no prejudice, it becomes the principal's duty to restore the benefits it has received. 3 C.J.S., § 237, at pp. 160 and 161. Restatement,Restitution, c. 2, §§ 15 and 47 and Reporter's Notes annexed.Canadian Imp. Co. v. Lea, 74 N.J. Eq. 234, at p. 247.
It is a well-established principle that on a motion to dismiss, the court cannot weigh the evidence, but must take as true all evidence which supports the view of the party against whom the motion is made, and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor. Andrev. Mertens, 88 N.J.L. 626 (E. A. 1915); Fine Jackson,etc., Corp. v. Lehigh Valley R.R. Co., 110 N.J.L. 385 (E. A. 1933); Lipschitz v. N.Y. N.J. Produce Corp., 111 N.J.L. 392
(E. A. 1933); Poole v. Twentieth Century Operating Co.,121 N.J.L. 244 (E. A. 1938); Strutko v. Mann,124 N.J.L. 183 (E. A. 1939); Cropanese v. Ontell,64 A.2d 894 (Super. Ct. App. Div. 1949), not yet officially reported. Defendant's motion is the equivalent of a demurrer to so much of the evidence as is favorable to the plaintiff; its verity in point of fact being admitted for the purpose of denying its sufficiency in law. Kozlowski v. Pavonia Fire Ins. Co.,116 N.J.L. 194 (E. A. 1935).
The judgment under review is reversed and a trial de novo is directed.
Judge Eastwood wishes it stated that he dissents from the foregoing opinion.