CORA JACKSON, ADMINISTRATRIX AD PROSEQUENDUM
OF THE ESTATE OF LARNIE JACKSON, DECEASED,
APPELLANT, v. JOHN GEIGER AND CHARLES G. GEI-
GER, CO-PARTNERS, TRADING UNDER THE FIRM
NAME OF JOHN S. GEIGER AND SONS, AND JOSEPH
COSTELLO, RESPONDENTS. .

Argued May 27, 1924—Decided October 20, 1924.

1. One who is riding upon a portion of the highway where he was
   lawfully entitled to be, and in a position which was not one of
   obvious . danger, but was made so solely by the action of the
   driver of another vehicle in turning suddenly without giving any
   signal, is under no legal duty to anticipate that the driver would
   fail to indicate, by proper signal or warning, his intention to
   make the turn.

2. Plaintiff's decedent, while riding a bicycle on a public highway,
   was passed by a motor truck going in the same direction.  The
   truck passed on decedent's left, and he then speeded up until
   he was abreast of the cab of the truck, there being a space of
   ten feet between the truck and the right-hand curb.  While pro-
   ceeding in this manner, the driver of the truck, without giving
   any signal or warning of his intention, turned sharply to the
   right at an intersecting street, and decedent, to avoid plunging
   into the truck, turned in the same direction, but his rear
   wheel was struck by the hub of the truck and he was thrown
   and killed—*Held*, that the mere fact that decedent was in close
   proximity to the truck and keeping up with it, did not constitute
   negligent conduct, *per se*, and that whether decedent was guilty
   of contributory negligence in continuing on the right-hand side
   of the truck, or whether he was attempting to pass the truck
   on that side, and so guilty of negligence, were questions for the
   jury.

3. The provisions of the Traffic act of 1915 are not intended to
   provide an exclusive method of procedure upon a highway, ap-
   plicable to all hazards and situations, and the common law
   rules applicable to negligence are still to be applied to any given
   situation by which negligence is to be determined, and the Traffic
   act only adds an additional factor to be considered and applied
   in reaching such determination.

On appeal from the Essex County Circuit Court.

For the appellant, *William H. Harris* and *Israel B. Greene.*

For the respondents, *Schneider & Schneider* (*Jacob Schneider,* of counsel).

The opinion of the court was delivered by

KALISCH, J. This is an appeal from a judgment of non-suit entered in the Essex County Circuit Court, directed by the trial judge.

The plaintiff, as administratrix *ad prosequendum,* brought her action, under the Death act, against the defendants to recover the pecuniary loss sustained by her in the death of her husband, Larnie Jackson, alleged to have been caused by the negligence of Joseph Costello, a servant in the employ of the firm of John S. Geiger & Sons, and while the former, in the course of his employment, was operating and driving a motor truck on one of the public streets of the city of Newark.

The facts, as developed by the testimony, are these:

Larnie Jackson and a companion, William Hall, were riding on bicycles in an easterly direction on Lincoln Park. Within a few feet of the intersection of Clinton avenue and Lincoln Park the bicyclists permitted a motor truck, going in an easterly direction, driven by Costello, to pass them, and then they followed, Hall going to the left and the plaintiff's decedent remaining on the right of the truck, and it was in this order that they proceeded along Lincoln Park until, when the latter was at a point opposite the cab of the truck and a few feet distant from Pennsylvania avenue, which begins at and intersects Lincoln Park on its right and southerly side and runs in a southerly direction, the driver of the truck, without having given any signal or warning of his intention to turn to the right and down Pennsylvania avenue, abruptly turned his truck to the right into the avenue, and Larnie, perceiving his perilous position which this unexpected course of the truck created and so suddenly confronted him with, turned his bicycle in the same direction in order to avoid running headlong into the truck, but his

effort was frustrated by the hub of the truck striking the rear wheel of his bicycle and with fatal result to him. It also appeared that the truck was near the centre of Lincoln Park, on the right-hand side, leaving a clear space of ten feet between it and the right-hand curb, a place spacious enough for the safe driving of an automobile of ordinary size, and it was this wide space in and along which the plaintiff's decedent propelled his bicycle. There was also testimony to the effect that the truck was going very rapidly and gave the appearance as if it were headed for Broad street, which was the next street beyond Pennsylvania avenue.

Negligence of Costello in driving and operating the motor truck was practically conceded. The motion for a nonsuit was based solely on the ground that contributory negligence was shown on the plaintiff's case. It was on that ground that the learned trial judge ordered a nonsuit. This was error.

A plain reading of the testimony makes it clear that the question, whether or not the plaintiff's decedent was guilty of negligence, which contributed to the negligence of Costello, was for the decision of the jury and not for the court. *Fox* v. *Great Atlantic and Pacific Tea Co.,* 84 *N. J. L.* 726.

The mere fact that the decedent was moving in close proximity to the truck and keeping up with it does not constitute negligent conduct *per se.* *Simpson* v. *Snellenburg,* 96 *N. J. L.* 518.

The theory advanced by counsel of respondents in support of the propriety of the judgment of nonsuit is that, because the plaintiff's decedent was riding on his bicycle to the right of the truck, he was violating a regulation of the Traffic law (*Pamph. L.* 1915, *p.* 286, *part* 2, *pl.* 4), which provides that a vehicle overtaking another shall pass on the left side of the overtaken vehicle, and the vehicle overtaken shall bear to the right, and the vehicle overtaking the vehicle ahead and in passing to the left shall not, unless compelled by the width of the road, pass to the left side of the road, but shall, as far as possible, keep to the right when passing the vehicle overtaken, and, hence, was guilty of negligence contributing to his injury. Before considering the bearing of the traffic

regulations on the facts of the case in hand, it is convenient and appropriate to point out here that the Traffic act, on page 288, under the caption "signals," further provides that the driver of a vehicle in turning while in motion, or in starting to turn from a standing-still position, shall give a signal by extending the whip or hand, indicating the direction in which the turn is to be made.

The legal effect of the traffic regulations taken in connection with the common law on the subject of negligence is well stated by Mr. Justice Minturn, speaking for the Supreme Court, in *Paulsen* v. *Klinge,* 92 *N. J. L.* 99 (at *p.* 101), where he says: "The legislative act was not intended to provide an exclusively hard and fast rule, applicable to all hazards and in all situations, regardless of actual conditions, and thus liberate from responsibility one who, by fortuitously adhering to the regulation, may be otherwise reckless and indifferent to the situation of others, lawfully exercising equal rights upon the highway, but who may be subject to untoward and unlooked for situations beyond their control." * * * "The common law rules applicable to negligence have not been abolished by the enactment. Its existence but adds an additional factor to be considered in given situations by which negligence may be measured and determined between conflicting claimants exercising a common right."

And, again, in *Winch* v. *Johnson,* 92 *N. J. L.* 219, *Mr.* Justice Minturn, speaking for this court, in discussing the purpose of the Traffic act (at *p.* 220), says: "The manifest purpose of the legislation being the avoidance of danger and collision upon the highway, its application in any instance must co-ordinate with the rule of reason, which at common law vests an exercise of discretion for care and foresight in the wayfarer, consistent with the exercise of a like discretion in others in the lawful use of the highway."

That the present case was one which, under the evidence, should have been submitted to the jury even under a rigid application of the provisions of the Traffic act, is almost too plain for debate. The testimony tended to establish that the truck driver passed the bicycle of the plaintiff's decedent on

the left, as required by the Traffic Regulation act, and in doing so left a space of ten feet between the path of the truck and the right-hand curb, in which space the plaintiff's decedent was and continued to propel his bicycle, keeping to the right, and where under the law of the road he was entitled to be. Whether or not, as he speeded along, his intention was to keep up with the truck, which was going rapidly, or to pass it, was a factual question for a jury to determine, and not a court question. For the intention of the decedent in that regard was only determinable by inferences to be drawn from his own conduct and other circumstances in respect to which reasonable men may reasonably differ.

In the absence of any signal or warning that a turn was to be made, the decedent would have been warranted in believing that the truck driver was going straight ahead, and, therefore, the fact that the decedent was keeping alongside of the truck, or even attempting to pass it, was not *per se* negligent conduct. For even if it be assumed that the testimony established that the decedent was riding rapidly, and that his intention was to pass the truck, then, according to the cases above cited, his conduct was only a factor to be taken in connection with the other circumstances of the case as to whether or not he was negligent, and, if so, whether or not such negligence was contributory to the negligence of the driver of the truck in making the abrupt turn and in failing to give ample warning of his intention to do so.

To disentitle a plaintiff to recover it must not only appear that he was negligent, but that his negligence proximately contributed to the negligence of the defendant that caused his injury. *New York, Lake Erie and Western Railroad Co.* v. *Ball*, 53 *N. J. L.* 283.

"If the faulty act of the plaintiff simply presents the condition under which the injury was received, and was not in a legal sense a contributory cause thereof, then the sole question will be whether, under the circumstances and in the situation in which the injury was received, it was due to the defendant's negligence." *Menger* v. *Lauer*, 55 *N. J. L.* 205.

A case decided by this court, illustrative of the legal prin-

ciple applicable to the facts of the instant case, is *Watson* v. *Camden and Atlantic Railroad Co., 55 N. J. L.* 125, where the plaintiff while leaving a ferry-boat by the vehicular way designed for the use of animals and vehicles, which way was declared by the court to be a place of obvious danger, a runaway horse bolted and jumped into the place where the plaintiff was and injured him. Chancellor McGill (at *p.* 128) said: "Passage over it brought to him knowledge of its customary use and suggested prudent watchfulness against the dangers attendant upon that use. In other words, it was a place of obvious danger from a certain use, against which it was the plaintiff's duty to guard, and the invitation to pass that way did not absolve him from the reasonable performance of his duty in this respect. But the duty did not extend to dangers from causes *ab extra* that use, such as the rapid, uncontrolled career of a wild horse" \* \* \*.

"We think it was not the plaintiff's duty to anticipate use of the driveway by a runaway horse \* \* \*. I am satisfied that the case is within the reasoning of the *New York, Lake Erie and Western Railroad Co.* v. *Ball, supra,* which cannot fail to elicit approval."

The case *sub judice* differs from the one just cited, in that here the plaintiff's decedent was in a place where he was lawfully entitled to be, according to the testimony, and which was one not of obvious danger, but was one made dangerous through the failure of the driver of the truck to give a signal or warning of his intention to turn down Pennsylvania avenue so that on-coming drivers of vehicles might have an ample opportunity to control their speed, and thus avoid collision with the truck or other vehicles on the highway.

The plaintiff's decedent, in the exercise of ordinary care, was under no legal duty to anticipate that the truck driver would fail in his duty to indicate, by proper signal or warning, in ample time, that instead of proceeding ahead he intended to make a turn down Pennsylvania avenue. See *Consolidated Traction Co.* v. *Haight* (*Court of Errors and Appeals*), 59 *N. J. L.* 577.

The judgment is reversed and a *venire de novo* awarded.

*For affirmance* — The Chancellor, Chief Justice, Trenchard, Black, Campbell, JJ.  5.

*For reversal*—Parker, Minturn, Kalisch, Katzenbach, Lloyd, White, Van Buskirk, Clark, McGlennon, Kays, JJ.  10.