1158 

IDA GOOLSBY, PLAINTIFF, v. PUBLIC SERVICE CO-ORDI-
NATED TRANSPORT AND GEORGE HANNON RADY,
DEFENDANTS.

MINNIE P. RADY, GEORGE H. RADY AND ROSE T. RADY,
PLAINTIFFS, v. PUBLIC SERVICE CO-ORDINATED
TRANSPORT, DEFENDANT.

Submitted May 15, 1931—Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and CASE.

For the plaintiff Ida Goolsby, *Haines & Chanalis*.

For the plaintiff Rose T. Rady, *Edward H. Backes*.

For the defendant Public Service Co-ordinated Transport,
*Henry H. Fryling* (*Elmer W. Romine*, of counsel).

PER CURIAM.

These two cases arose out of the same accident, were tried
together in the Essex County Court of Common Pleas, came
before us on an appeal by the defendant from judgments
rendered against it on behalf of Ida Goolsby and Rose T.
Rady respectively and are here argued together.

The two plaintiffs Ida Goolsby and Rose T. Rady were
passengers in an automobile owned by George Hannon Rady
and driven by the latter's wife, Minnie P. Rady. As the

automobile was following one of defendant's buses on Broad street, Bloomfield, the two vehicles collided, due as the Goolsby complaint alleges to the negligence of the operator of the automobile and also to the negligence of the defendant Public Service Co-ordinated Transport, in that its bus, while traveling at a rapid rate of speed, was brought to an immediate standstill without notice, and as the Rose T. Rady complaint alleges solely to the negligence of the corporate defendant in the sudden stopping of its bus without warning.

Appellant's brief presents three legal propositions. The first and second are, respectively, that the trial court committed error in refusing to grant a nonsuit and further committed error in refusing to grant a direction of verdict in favor of the appellant. There is the following testimony given by Minnie P. Rady: "*Q.* Now, did you see the operator of the bus give any signal to stop? *A.* No. *Q.* He did not? *A.* No. *Q.* You did not see him put his arm out? *A.* No. *Q.* You say it stopped suddenly, this bus? *A.* Very."

We understand the testimony "*Q.* He did not? *A.* No." to be understood as reading: "*Q.* He did not give any signal to stop? *A.* No." The witness Hampe testifies: "The Public Service bus stopped so fast that it really seemed to buckle." We consider that this testimony, in conjunction with other evidence which we find it unnecessary to cite, was sufficient to raise the question of negligent operation of the defendant's bus as one of fact for the jury to determine. The refusals to nonsuit and to direct a verdict for the defendant were proper.

The remaining contention of the appellant is that the trial court committed error in refusing to charge two of its requests, namely:

"1. It is the duty of one when overtaking another vehicle directly in the line of their progress and a possible obstacle in their way, that their car be reduced to such control that it may be immediately brought to a standstill if necessary or if in attempting to pass the other vehicle, directly in front they are required to keep their said car or automobile under such control so as to avoid collision and damage."

"9. If the operator of the bus in the course of his duties' of operation stopped the bus, it was the duty of the operator of a vehicle following not only to keep a sufficient distance behind so as to be able to stop their car if it became necessary but also to make reasonable observations of the progress of any vehicle which they were following and if the operator of the Rady automobile failed to do this and such failure produced, or was the proximate cause of the accident then there can be no recovery as against the Public Service Corporation."

If these requests correctly stated the law, the effect would be, in application to the instant case, to relieve the defendant company of any liability for a sudden stopping of its bus in traffic and without warning. We think that the requests are not correct statements of the appropriate legal principles and that the court did not err in refusing to charge them.

The judgment below will be affirmed.