NICHOLAS SCARANO, JR., ANGELINA SCARANO, FELIX SCARANO, BY HIS NEXT FRIEND, NICHOLAS SCARANO, SR., AND NICHOLAS SCARANO, SR., PLAINTIFFS-RESPONDENTS, v. HOWARD LINDALE AND VICTOR LYNN TRANSPORTATION CO., A CORPORATION, DEFENDANTS; VICTOR LYNN TRANSPORTATION CO., A CORPORATION, APPELLANT.

Argued October 20, 1938—Decided January 13, 1939.

For the appellant, Ralph N. Kellam.

For the respondents, Meyer M. Semel and Andrew J. Duch.

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This in an appeal, by the Victor Lynn Transportation Company, from a judgment against it and Howard Lindale, in favor of the respondents, resulting from a trial and verdict in an action in the Supreme Court tried at the Mercer County Circuit.

The defendant below, Howard Lindale, was operating a tractor-trailer, in the city of Trenton at the time of the occurrence complained of and it is contended that his negligence was the proximate cause of the happening bringing injury to the respondents.

There are only two grounds of appeal calling for, and requiring, the attention of this court; they are error in refusing to nonsuit and direct a verdict in favor of the appellant. The entire question involved is whether or not the proofs were such that the trial court could rule, as a matter of law, that Howard Lindale, the operator of the tractor-trailer, was not at the time of the happening the servant of the appellant but was an independent contractor.

We are not impressed by the argument of the appellant but on the contrary conclude that it would have been error on the part of the learned trial judge to have directed a nonsuit or a verdict in favor of the appellant. In passing upon such motions the evidence will not be weighed. All the proofs which support the claim of the party against whom the motions are made must be accepted as true and he is entitled to the benefit of all legitimate inferences which may be drawn therefrom. Where fair minded men might honestly differ as to the conclusions to be drawn from the proofs, the questions at issue should be submitted to the jury. *Lipschitz* v. *New York and New Jersey Prod. Corp.*, 111 *N. J. L.* 392, 394; *Morris* v. *Muller*, 113 *N. J. L.* 46, 51.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ.   13.

*For reversal*—DONGES, WALKER, JJ.   2.