ANNA CHURCH, ADMINISTRATRIX AD PROSEQUENDUM AND GENERAL ADMINISTRATRIX OF THE ESTATE OF JAMES F. CHURCH, DECEASED, PLAINTIFF-APPELLANT, v. HENRY DIFFANY, DEFENDANT-RESPONDENT.

Submitted October 27, 1939—Decided February 5, 1940.

For the plaintiff-appellant, *Heine, Peer, Laird & Mahr*.

For the defendant-respondent, *Colie & Schenck*.

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment of the Supreme Court, Essex Circuit, based on the granting of a

motion for nonsuit in favor of the defendant-respondent, and against the plaintiff-appellant.

During the noon hour on October 2d, 1936, the defendant, Diffany, was driving his car in a northerly direction on Plane street in Newark, and made a left-hand turn westerly into Academy street. At the same time the plaintiff's decedent, Church, was walking in a southerly direction on the west side of Plane street, and was about to cross the intersection of Plane street and Academy street. There were traffic lights at this intersection.

The testimony indicates that in some way Church and the Diffany car came in contact at a point on the right side of the car where the spare tire was located, and Church fell backwards into the street. Diffany stopped his car with the rear just over the crosswalk, and Church walked in back of it and sat on the running board of another car parked on the south side of Academy street. Medical testimony shows that Church sustained a fractured hip and that the trauma which produced the fracture also produced other internal conditions which led to his death.

There were apparently no witnesses to the accident other than the defendant, Diffany, and the decedent, Church. At the trial the plaintiff's proof of negligence was based entirely on statements made by Diffany to certain police officers, and the observations of the officers and one Thomas Reilly, each of whom arrived on the scene some time subsequent to the accident. At the close of the plaintiff's case a motion for nonsuit was made and granted, resulting in the judgment from which this appeal is taken.

The plaintiff-appellant relies generally on two grounds of appeal: (1) that the court erred in sustaining objections to certain questions asked on direct examination; and (2) that the court erred in granting the motion for nonsuit.

During the course of examining the witness Reed, a police officer, the plaintiff's counsel asked what the decedent had said in the presence of the defendant, Diffany. This was objected to and the objection sustained. Despite the statement in the plaintiff's grounds of appeal that an exception was noted, an examination of the record reveals that this is

not so. Under such circumstances this question is not properly before the court and cannot be considered on appeal. *Spatuzzi* v. *Star Auto Trust Exchange, Inc., et al.,* 119 *N. J. L.* 377.

The other alleged error to be considered under the first general ground of appeal occurred during the direct examination of the witness Reilly. Referring to the decedent, plaintiff's counsel asked: "As you saw him sitting there, did he say anything to you?" The answer was "No. I walked up to him. I saw him sitting there and I said 'Jim'——." At this point an objection was made, and the fact that it was sustained is alleged by the plaintiff to be reversible error.

It is somewhat difficult to determine the point in contro· versy here. The only question asked was as to any statement made by the decedent, and this was fully answered by the reply, "No." The rest of the answer was entirely voluntary on the part of the witness, and not responsive to any question which had been propounded.

Plaintiff's counsel did not see fit to repeat the question as to whether decedent had said anything to the witness. We find no error on the part of the trial court in sustaining the objection to that part of the answer which was manifestly not responsive.

The second general ground of appeal, as above stated, alleges that the trial court erred in granting the motion for nonsuit. Reliance is placed upon the doctrine as enunciated in the case of *Kerner* v. *Zerr,* 103 *N. J. L.* 424, to the effect that:

"A motion for a nonsuit admits the truth of the plaintiff's evidence, and of every inference of fact that can be legitimately drawn therefrom, but denies its sufficiency in law. So, it is for the trial judge, when requested to nonsuit, to say whether any facts have been established by evidence, from which negligence *may* be reasonably inferred. If not, there is no case to go to a jury; but if from facts established negligence may reasonably and legitimately be inferred, it is for the jury to say whether from those facts negligence *ought* to be inferred."

Because of the circumstances surrounding the accident,

plaintiff was forced to prove her case primarily through statements made by the defendant. However, it is contended that in two instances these statements were sufficient to support a reasonable inference of negligence.

In the first place, the defendant was shown to have a driver's license bearing the condition "must wear glasses." In a statement made to the police on October 19th, 1936, the defendant said he was wearing glasses at the time of the accident. However, police officer Reed testified that when he arrived at the scene, some four or five minutes after he got the call regarding the accident, the defendant was not wearing glasses.

Plaintiff contends that because the defendant was not wearing glasses subsequent to the accident, it may be inferred that he was not wearing them at the time of the accident and was therefore negligent. However, we cannot see how such an inference can overcome a direct statement, offered by the plaintiff as part of her evidence, that the defendant was wearing glasses when the accident happened. We see no merit in this point.

The other instance relied on by the plaintiff relates to an alleged conflict of statements made by the defendant in regard to the traffic lights. It is uncontroverted that defendant consistently said he made the left-hand turn into Academy street on a green light. However, on the day of the accident the defendant stated that the decedent had started to cross the street on a red light; while in a statement made some days later, the defendant said "the green light was on to the man."

Plaintiff contends that since defendant and decedent were moving north and south, respectively, on the same street, they both must have had a red or green light as the case might be. Therefore, if there was a red light against the decedent, there was also a red light against the defendant who would then be violating the traffic law in making the turn. On the other hand, if the decedent started to cross the street on a green light, then, as a pedestrian, he had the right of way and the defendant had violated the traffic law in not respecting such right of way. Thus plaintiff argues that in

either instance it could be inferred that defendant had committed an act which was negligent in character.

The testimony is uncontradicted that defendant was moving on a green light. The only inconsistency is as to the lights facing the decedent. However, a violation of the traffic laws is not negligence, but only evidence of negligence. *Kuczko* v. *Prudential Oil Corp.*, 110 *N. J. L.* 111. Thus, the inferences contended for by the plaintiff would not be inferences of negligence, but merely inferences of evidence of negligence.

We do not think that this was sufficient to require the submission of the case to the jury, particularly since it was unsupported by any other evidence that the violation of the traffic laws, if any, was a causative condition of the accident. This conclusion is further substantiated by the testimony of the police officer, called by the plaintiff to testify concerning statements made by the defendant as to the accident, that the defendant stated that decedent had stepped off the curb and walked into the side of his car.

The mere showing of an accident causing the injuries sued for is not alone sufficient to authorize an inference of negligence. Negligence is a fact which must be shown. It will not be presumed. *Ceccomancine* v. *D'Onofrio*, 111 *N. J. L.* 494, citing *McCombe* v. *Public Service Railway Co.*, 95 *Id.* 187. There is always a presumption against negligence. *Parave* v. *Public Service Interstate, &c.*, 109 *Id.* 155.

There can be no doubt that the plaintiff was faced with great difficulty in proving her case, but this cannot relieve her from the burden of establishing a cause of action.

We are of the opinion that in the light of the testimony offered, the trial court committed no error in granting the motion for nonsuit.

The judgment of the court below is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, CASE, BODINE, PORTER, HETFIELD, DEAR, WELLS, JJ. 8.

*For reversal*—THE CHANCELLOR, DONGES, HEHER, PERSKIE, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 7.