12 N.J. Super. 459 (1951)
79 A.2d 894
ANNIE S. LAYTON, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF IVY J. LAYTON, DECEASED, AND ANNIE S. LAYTON, GENERAL ADMINISTRATRIX OF THE ESTATE OF IVY J. LAYTON, DECEASED, PLAINTIFF-APPELLANT,
v.
MARY R. HEALY, ADMINISTRATRIX OF THE ESTATE OF THOMAS F. HEALY, AND FRANKLIN BOLLER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 19, 1951.
Decided March 28, 1951.
*461 Before Judges McGEEHAN, JAYNE, and WM. J. BRENNAN, JR.
Mr. Theodore D. Parsons argued the cause for appellant (Messrs. Parsons, Labrecque, Canzona & Combs, attorneys).
Mr. Lester C. Leonard argued the cause for respondents.
The opinion of the court was delivered by JAYNE, J.A.D.
The present appeal implicates the propriety of a judgment directing an involuntary dismissal of the plaintiff's alleged cause of action at the close of the plaintiff's evidence relating to the element of liability. Rule 3:41-2.
A circumspect consideration of the transcript of the evidence introduced on behalf of the plaintiff has been pursued in the light of the following well-established rules:
1. Negligence is never presumed. It, or the circumstantial basis for it, must be established by competent proof. Oelschlaeger v. Hahne & Co., 2 N.J. 490 (1949); Callahan v. National Lead Co., 4 N.J. 150 (1950).
2. The court must accept as true all evidence which supports the view of the party against whom the motion is made and must give him the benefit of all inferences which may logically and legitimately be drawn therefrom in his favor. Such continues to be the rule. Scarano v. Lindale, 121 N.J.L. 549 (E. & A. 1939); McKinney v. Public Service Interstate Transp. Co., 4 N.J. 229, 243 (1950).
3. Where fair-minded men might honestly differ as to the conclusions to be drawn from the facts, whether controverted *462 or uncontroverted, the question at issue should be submitted to the jury. Schwartz v. Rothman, 1 N.J. 206 (1948); Fischetto Paper Mill Supply v. Quigley Co., 3 N.J. 149 (1949); Antonio v. Edwards, 5 N.J. 48 (1950).
4. Where there are no disputed facts or disputed logical inferences to be drawn from the uncontroverted facts, it devolves upon the court to declare the judgment which the law imposes. Kaufman v. Pennsylvania, R.R. Co., 2 N.J. 318 (1949).
5. The power of the trial judge to grant such motion is not, however, restricted to an utter absence of all evidence of a contradictory purport. The "mere scintilla" of evidence rule does not obtain in this State. Sivak v. New Brunswick, 122 N.J.L. 197 (E. & A. 1939).
It is explanatory to disclose that the plaintiff's decedent suffered fatal injuries in the motor vehicle collision to which this litigation relates. The driver of the other vehicle died, presumably from natural causes, during the pendency and before the trial of this action. Death had silenced the only persons who had knowledge of the circumstances amid which the mishap occurred.
That a collision actually occurred about 2:30 A.M. on June 1, 1947, on Ocean Avenue between Highlands and Sea Bright, Monmouth County, between the Plymouth sedan probably operated by the plaintiff's decedent and the Dodge coupe driven by Frank Healy, may be logically inferred from the evidence adduced.
We pause here to recognize that the mere proof of the occurrence of an accident in the circumstances here disclosed does not of itself raise a presumption of negligence.
Plaintiff's counsel obviously sought to squeeze out of the evidence relating to the positions and conditions of the respective vehicles as observed after the collision some inference of some negligent act or omission of the driver Healy.
Both witnesses, Lawrence, the nephew of the plaintiff's decedent, and Boyer, the chief of police, who described the positions of the respective vehicles on the highway acknowledged *463 that others had preceded them to the scene of the accident.
It might have been reasonably inferred from the positions of the cars on the highway and from the damage to the front of each car that the drivers were proceeding over the highway in opposite directions. If thus envisioned, then each car was found to be to the right of the center line of the highway in the direction in which it had been traveling. The witnesses testified that according to their observations made after the mishap, the automobile of the plaintiff's decedent was in the northbound lane headed in a northwesterly direction, and the defendant's car was in the southbound lane facing almost directly east. There were no visible marks or debris on the pavement indicative of the point at which the vehicles came into collision.
Assuming, as required, that all of such conditions existed immediately after the occurrence of the collision, do they supply a reasonably probable ground, prevailing over all other reasonable hypotheses, for the inferential conclusion that the mishap would not have happened if the driver Healy had not failed to exercise reasonable care? We think not.
The only additional testimony was that of the investigator who interviewed Healy at the hospital before the latter's death and to whom Healy is said to have stated that he "was on his way to Sea Bright" (which would be proceeding in a southerly direction) and that he "never saw the other car." It was inferred from the circumstances that he was proceeding in that direction.
Counsel for the appellant emphasizes the probative significance of Healy's admission that he "never saw the other car." In a recent opinion (Gentile v. Public Service Coordinated Transport, 12 N.J. Super. 45 (App. Div. 1951)), we remarked that negligence in the abstract is a nihility, and that both negligence and reasonable care are relative terms which derive their legal signification only where they are associated with a given body of factual conditions and circumstances. Suffice to say in the present case that there is no evidence of *464 the circumstances from which it may be inferred that in the exercise of reasonable care Healy should have seen the other car. In the absence of a revelation of the surrounding circumstances, the mere admission that one did not see an object does not indicate that such person was inattentive and heedless. If we were to enter the field of imagination, we could readily envision those rather common instances where an unlighted vehicle confronts one, where cars suddenly emerge from behind another vehicle or dart out of a driveway, or enter a street intersection at an unanticipated rate of speed and are unobserved by the driver of another car notwithstanding the caution and vigilance of the latter. Here negligence cannot with any substantial degree of probability be predicated on any particular act or omission of either driver.
We conclude that any inference of the alleged negligence of the driver Healy which might be collected from the evidence in the present case is not superior to other inferences of the absence of such negligence. Surmise and conjecture cannot be substituted for competent probative evidence.
The judgment is affirmed.